## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
## GREENBELT DIVISION

| | | |
|---|---|---|
| CASSANDRA HARPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  8:18-cv-620 |
| | ) | |
| GC SERVICES, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S COMPLAINT

Plaintiff, CASSANDRA HARPER, by and through her attorneys, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, GC SERVICES, LP:

## INTRODUCTION

1.  Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 § U.S.C. 1692 *et seq.* ("FDCPA").

## JURISDICTION AND VENUE

2.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k (FDCPA).

3.  Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.  Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

1

## PARTIES

5. Plaintiff is a natural person residing in the City of District Heights, Prince George's County, State of Maryland.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a collection agency and a Delaware Limited Partnership with its headquarters in Houston, Harris County, Texas.

11. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

12. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly owed by

2

Plaintiff, originating as a student loan.

18. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

19. On or about December 31, 2017, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff on her cellular telephone at xxx-xxx-7952 in an attempt to collect the alleged debt.

21. On or about December 31, 2017, Plaintiff answered a collection call from Defendant and spoke to one of its collectors.

22. During the above-referenced collection call:

    a. Plaintiff told Defendant's male collector that she would be happy to speak to him, but not at the moment because she was driving on her way to work;

    b. Defendant's male collector then retorted that, no, Plaintiff must speak to him now;

    c. Plaintiff again told Defendant's collector that she was driving and could not discuss the collection matter at the moment;

    d. Defendant's male collector then threatened Plaintiff with garnishment if she did not set-up a payment plan right then and there;

    e. Terrified by Defendant's male collector's threat, Plaintiff told him that she could pay $150 per month;

    f. Defendant's male collector wanted Plaintiff to pay more per month, but agreed to $150 per month only if Plaintiff would provide a certain completed form and supporting documentation with regard to her income and expenses within twenty-four (24) hours;

3

g.  When Plaintiff expressed concern that she could not accomplish this task within twenty-four (24) hours, because she did not have access to the technology to do so, Defendant's male collector harassed Plaintiff by questioning why Plaintiff could not print out the form and use the facsimile machine at her place of employment; and

h.  As Plaintiff began to explain to Defendant's male collector that she was not authorized to conduct personal business while at work, Defendant's male collector rudely hung up on Plaintiff.

23. On or about December 31, 2017, Plaintiff called Defendant back to complain about how she was treated by Defendant's above-referenced male collector and to confirm that she would not be garnished since she set up a payment plan.

24. During the above-referenced call, Defendant's agent that answered Plaintiff's call, informed Plaintiff that her account was nowhere near being escalated to garnishment.

25. Defendant's above-referenced male collector was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

26. Defendant's above-referenced male collector is familiar with the FDCPA.

27. Defendant's above-referenced male collector knew or should have known that the FDCPA prohibits the harassing, oppressive, and coercive misconduct he engaged in as described above.

28. Defendant's above-referenced male collector knew or should have known that the FDCPA prohibits the false, deceptive, or misleading representations and means he engaged in as described above.

29. Defendant's male collector's acts as described above were done intentionally with the

purpose of coercing Plaintiff to pay the alleged debt.

30. The natural consequences of Defendant's male collector's statements and actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owed.

31. The natural consequences of Defendant's male collector's statements and actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

32. The natural consequences of Defendant's male collector's statements and actions was to cause Plaintiff mental distress.

33. Defendant's above-referenced male collector was working within the scope of his employment when he communicated with Plaintiff in an attempt to collect a debt.

34. Defendant's above-referenced male collector is familiar with the FDCPA.

35. Defendant's above-referenced male collector knew or should have known that the FDCPA prohibits the harassing, oppressive, and coercive misconduct he engaged in as described above.

36. Defendant's above-referenced male collector knew or should have known that the FDCPA prohibits the false, deceptive, or misleading representations and means he engaged in as described above.

**DEFENDANT VIOLATED
THE FAIR DEBT COLLECTION PRACTICES ACT**

37. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the collection of an alleged debt when Defendant's male collector engaged in shameful

behavior by, at least, misleadingly threatening Plaintiff with garnishment, endangering Plaintiff's safety while she was driving by upsetting her while she was trying to drive an automobile, and coercing Plaintiff into a payment plan;

b.  Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's male collector threatened Plaintiff with wage garnishment to coerce Plaintiff into a payment plan when Plaintiff's account was not even being considered for garnishment at the time;

c.  Defendant violated § 1692e(2) of the FDCPA by its false representation of the legal status of any debt when Defendant's male collector threatened Plaintiff with wage garnishment to coerce Plaintiff into a payment plan when Plaintiff's account was not even being considered for garnishment at the time;

d.  Defendant violated § 1692e(5) of the FDCPA by its use of a threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's male collector threatened Plaintiff with wage garnishment to coerce Plaintiff into a payment plan when Plaintiff's account was not even being considered for garnishment at the time;

e.  Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant's male collector threatened Plaintiff with wage garnishment to coerce Plaintiff into a payment plan when Plaintiff's account was not even being considered for garnishment at the time;

f.  Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities

6

that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's male collector bullied Plaintiff into a payment plan even while Plaintiff requested to be able to call Defendant's collector back later in the day when she was not driving—and then kept Plaintiff on the phone by misleadingly threatening garnishment; and

g. Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the foregoing misconduct.

WHEREFORE, Plaintiff, CASSANDRA HARPER, respectfully requests judgment be entered against Defendant, CREDENCE RESOURCE MANAGEMENT, LLC, for the following:

a. Statutory damages of $1,000.00 for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 § U.S.C. 1692k;

b. Costs and reasonable attorneys' fees for each Plaintiff pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

c. Any other relief that this Honorable Court deems appropriate.

> Respectfully submitted,
> THE LAW FIRM OF MICHAEL
> ALAN SIDDONS, ESQUIRE
>
> By: /s/ Michael A. Siddons
> Michael A. Siddons
> Attorney #89018
> The Law Firm of Michael Alan Siddons, Esquire
> 230 N. Monroe Street
> PO Box 403
> Media, PA 19063
> Tel: 410-705-0970
> msiddons@siddonslaw.com
> Attorney for Plaintiff

7